PONDER, Justice Ad Hoc.*
Angelo Piazza, Jr., was convicted of aggravated assault and was sentenced to pay a fine of $100.00 or in the alternative to be jailed for thirty days. We granted his application for writs. 396 So.2d 934.
Defendant’s application and brief states the sole issue is that of “freedom and unjustified intrusion.” His arguments seem to be lack of proof and justification.
While the testimony was disputed and confusing, evidently, Cleveland Desselle, the victim, whose son was married to defendant’s daughter, and defendant had had a disagreement. The victim. went to defendant’s house, to straighten out the matter, he said. Defendant and his witnesses testified, often in the vernacular, that the victim intended to beat up the defendant. It is disputed that the victim entered the house or attempted to force his way in; it is undisputed, however, that, after words, defendant armed himself with a shotgun, threatened to shoot the victim if he did not leave, shot into the air, and then aimed the gun at the victim, who left after some delay.
La.R.S. 14:36 defines assault as “... an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery.”
Defendant claims that the victim was not scared since he did not leave immediately. The court itself remarked that “... he wasn’t that frightened.” The victim, however, testified otherwise:
“Q. You took off because you were scared?
A. And I come back. Of course so. I come back to the house.”
*1355 We hold that whether the objective or subjective test be applied, Desselle was in reasonable apprehension of receiving a battery. We find no deficit in the proof.
La.R.S. 14:19 states:
“The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.”
The evidence that the use of force was necessary to prevent a forcible offense is not convincing; neither is that of the reasonableness of shooting and threatening with a shotgun. We find that the use of force and violence was not justified.
The conviction and sentence are affirmed.

 Judges Lottinger, Edwards and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.